**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEJANDRO MIGUEL SERRANO (A-No. 098-002-048),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br><br>Respondent. | Case No. 1:26-cv-05013-JLT-CDB<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENT TO PROVIDE A SUBSTANTIVE BOND HEARING; AND DIRECTING CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 1) |

Before the Court is Alejandro Miguel Serrano's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition.

## I.    FACTUAL BACKGROUND

Petitioner is from the Dominican Republic. (Doc. 6-1 at 1.) Petitioner first entered the United States sometime around 1999 and voluntarily departed on September 27, 2007. (*Id*. at 2; Doc. 1 at 9.) Petitioner then re-entered the United States around 2018 aboard an unauthorized water vessel arriving in Puerto Rico. (Doc. 6-1 at 2.) Petitioner lived in Puerto Rico unencountered since arriving in 2018. (*See* Doc. 1 at 9; Doc. 6-1 at 2.) Petitioner has no pending

1

applications with U.S. Citizenship and Immigration Services. (Doc. 6-1 at 2.)

On March 16, 2026, the Puerto Rico Police Bureau arrested Petitioner for possession of two small plastic bags containing a white powdery substance, later determined to be cocaine. (Doc. 6-1 at 2.) Local police contacted Homeland Security Investigations, who then interviewed the Petitioner while he was detained at the local jail station. (*Id*.) Upon determining that Petitioner was present in the United States unlawfully, DHS detained him without a warrant. (*Id*.) Petitioner was transferred to the California City Detention Center in California, where he remains. (Doc. 1 at 9.)

The I-213 does not indicate that Petitioner's arrest for possession of cocaine resulted in criminal charges or a conviction. (Doc. 6-1 at 2.) Apart from this arrest, Petitioner has no criminal history. (*Id*.) On March 17, 2026, DHS issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (*See id*. at 2–3.) On June 29, 2026, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his rights have been violated. (*See* Doc. 1 at 6–7.) On July 21, 2026, Respondents filed an opposition arguing that Petitioner is an applicant for admission under expedited removal procedures set forth at 8 U.S.C. § 1225(b) and therefore his detention is mandatory.[1] (Doc. 11 at 2.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or

---

[1] As a threshold matter, Respondents *do not* argue that Petitioner is subject to mandatory detention under 8 U.S.C. §1226(c)(1)(A), (*see* Doc. 6 at 1–2), presumably because Petitioner's arrest for possession of cocaine did not result in a conviction. *See* 8 U.S.C. § 1226(c)(1)(A) (mandating detention for "any alien who—is inadmissible by reason of having committed any offense covered in Section 1182(a)(2) of this title"); 8 U.S.C. § 1182(a)(2)(A)(i)(II) (explaining that this provision applies to "any alien *convicted of, or who admits having committed*, or who admits committing acts which constitute the essential elements of" any crime involving "*a violation of . . . any law* or regulation of a State, the United States, or a foreign country *relating to a controlled substance* (as defined in section 802 of Title 21)") (emphasis added). Here, there is no indication in the record that Petitioner was convicted or charged with possession of cocaine. (*See* Doc. 6-1 at 2.)

laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.   DISCUSSION

Pursuant to *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026), the Court finds that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention. *See also See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment and that Petitioner is entitled to a bond hearing under 8 USC § 1226(a). The Court will also require Respondents to comply with the procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because there is no indication that Respondents provided Petitioner an initial custody determination. (*See* Doc. 6; Doc. 6-1.)

For the foregoing reasons, the Court **ORDERS:**

1.   The petition for writ of habeas corpus (Doc. 1) is **GRANTED** for the reasons stated in the orders cited above;

2.   **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.

3.   Thereafter, if Petitioner is not released, and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether

Petitioners are a danger to the community and present a flight risk if not detained.

4.   **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing, and he **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.   Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6.   The Clerk of Court is directed to serve the California City Detention Center in California City, California, with a copy of this Order.

7.   The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  _August 14, 2026_

UNITED STATES DISTRICT JUDGE